ARDI EXCHANGE, a Risk Retention Group a/k/a Ardi Exchange, Appellee,

v.

VALLEY NATIONAL BANK, Defendant.

Tim RYLES, Insurance Commissioner of Georgia, As Liquidator of Victoria Insurance Company, Ltd., Appellant,

v.

ARDI EXCHANGE, a Risk Retention Group a/k/a Ardi Exchange and David J. Lyons, Acting Commissioner of Insurance for the State of Iowa, Counterclaim Appellees.

No. 91-1689.

Supreme Court of Iowa.

Dec. 23, 1992.

Dennis L. Puckett and John T. Ward of Sullivan & Ward, Des Moines, for appellant.

Fred M. Haskins, Des Moines, for counterclaim appellees.

Kent M. Forney and Steven M. Augspurger, Des Moines, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

HARRIS, Justice.

An Iowa insurance company was required to place funds in a trust in order to secure required reinsurance. An attempt by the Georgia insurance commissioner (for a bankrupt Georgia insurance company) to obtain those funds was rejected in district court and this appeal followed. We affirm.

· ARDI [1] is a risk retention group [2] comprised of independent equipment rental firms. In order for ARDI to become licensed in this state, the Iowa insurance commissioner required it to provide satisfactory evidence of reinsurance. A Des Moines insurance broker negotiated a reinsurance contract whereby ARDI was to be reinsured by an entity called Arabian Insurance Company (Arabian), with Victoria Insurance Company, Ltd. (Victoria), being named as Arabian's contractual successor as ARDI's reinsurer.

Victoria, which never signed the contract, was named as Arabian's successor because Arabian was not an admitted reinsurer in Iowa or anywhere in the United States. *See* Iowa Code § 515.49 (1991). Arabian was attempting to assume control of Victoria in an effort to establish itself in the United States. To this end, Arabian intended to provide Victoria with the necessary capital for it to become an approved, nonadmitted insurance company in Iowa. It was undoubtedly because of these circumstances that the insurance commissioner would approve the scheme only if a trust fund was set up in Iowa solely for the purpose of protecting the insurer's policyholders.

Accordingly, Victoria established a trust account at a named Iowa bank in Victoria's name. Notwithstanding the commissioner's reason for requiring the trust fund, the account agreement states that the bank is employed by Victoria to act as custodian of Victoria's assets. The trust account was structured in this manner with Arabian's

---

1. ARDI, an Iowa corporation formed in 1987, is a wholly owned subsidiary of American Rental Association, a not-for-profit membership trade association that provides insurance coverage for its members.

2. Risk retention groups, first authorized by the Federal Product Liability Risk Retention Act of 1981 (15 U.S.C. § 3901 *et seq.*), are corporations, usually in the same or a related industry, that join together for the purpose of obtaining low-cost insurance.

authorization. The account was established in Victoria's name because it was contemplated that only Victoria would become qualified as a nonadmitted reinsurer and eventually succeed Arabian as ARDI's reinsurer.

Victoria was thereafter placed in permanent receivership and never became qualified as an approved nonadmitted reinsurer in Iowa. Arabian never assumed control of Victoria. It was later made known that Arabian never existed, much less as a valid reinsurance company, and therefore assumed no risk under the reinsurance contract. The controversy concerns a claim that Victoria is entitled to the premium deposits paid by ARDI into the custodial account at the Iowa bank.

When Victoria's receiver informed the bank that it had an interest in Victoria's account, the Iowa insurance commissioner directed the bank by letter not to release the funds to Victoria. The letter stated that the funds were held "to secure reinsurance obligations of Victoria to ARDI."

ARDI filed a prior action against Arabian and obtained a default judgment declaring Arabian had materially breached the contract of reinsurance. Victoria was not a party to that action. ARDI then brought this action against Victoria in an attempt to obtain a refund of the premiums paid under the reinsurance agreement. Victoria claims, as reinsurer of ARDI, it has earned and is entitled to the premiums deposited in the bank. This appeal is from the entry of summary judgment against the claim of Victoria and in favor of ARDI and the Iowa commissioner of insurance (who resisted Victoria's claim).

■ I. Although other issues are argued, we think the controlling question is whether, as the trial court ruled, Victoria was required to qualify as a nonadmitted reinsurer under Iowa law as a condition precedent to being entitled to premiums deposited in the trust. If it was a condition precedent, there is no claim it was satisfied. The Georgia insurance commissioner, as liquidator of Victoria, asserts only that Victoria was not subject to any condition precedent and that its failure to qualify as

a nonadmitted reinsurer does not jeopardize his rights to the funds in the trust account.

> We have defined conditions precedent as those facts and events, occurring subsequently to the making of a valid contract, that must exist or occur before there is a right to immediate performance, before there is a breach of contract duty, before the usual judicial remedies are available. A determination that a condition precedent exists depends not on the particular form of words used, but upon the intention of the parties gathered from the language of the entire instrument.

*Khabbaz v. Swartz,* 319 N.W.2d 279, 283 (Iowa 1982) (citations omitted).

The initial paragraph of the reinsurance contract states that the agreement is made between ARDI, Arabian and Victoria, with Victoria serving as Arabian's successor. Article XV of the reinsurance contract provides in part:

> All reinsurance premiums paid by [ARDI] from the inception of this Agreement will be held in Trust in the state of the company's domicile until an affiliate, subsidiary, or associate entity of the Reinsurer has qualified as an approved nonadmitted Reinsurer/Insurer in that state, and has fully assumed the liabilities and benefits of this Agreement.

As mentioned, the Iowa insurance commissioner would not approve the reinsurance scheme in the absence of a trust fund. Authority for demanding the fund is derived from Iowa Code section 515.49 (requiring reinsurance for risks greater than ten percent of an insurer's surplus, subject to the supervision of the Iowa insurance commissioner). It was appropriate for the Iowa insurance commissioner to require "that a trust fund be established in Iowa solely for the benefit of the insurer's policyholders." Accordingly, a provision in the reimbursement contract provided in part:

> Disbursement directives from Victoria Insurance Company or its authorized representative shall be honored only after you have received written notification showing approval of the Company as a

nonadmitted insurance carrier by the Iowa Insurance Division.

In view of the arrangement, its purpose, and especially the interests that prompted the Iowa commissioner to demand the trust fund, we are persuaded that qualification by Victoria was a condition precedent to entitlement to the fund. The district court was correct in so ruling.

 II. The Georgia commissioner responds that, if a condition precedent existed, it was waived. "A party to a contract who is entitled to the performance of a condition precedent may waive it either expressly or by conduct indicating waiver." *Mosebach v. Blythe*, 282 N.W.2d 755, 760 (Iowa App.1979). The Georgia commissioner contends that Victoria fully performed the reinsurance contract by providing reinsurance coverage to ARDI, and ARDI waived the condition precedent by accepting the coverage.

The Georgia commissioner is faced with grave preservation-of-error questions on this issue, but we choose to rest our rejection of the waiver argument on its merits. The waiver argument stands on the claim that premiums have been earned. In fact they have not been. For one thing, Victoria became incapable of providing any protection by its insolvency.

More importantly the waiver argument is at bottom a contention that ARDI had the power to authorize the withdrawal of the Iowa commissioner's demand of a trust fund. The trust fund was set up, not to protect Victoria's interest in the premiums, but to secure the obligations of Arabian or Victoria as a reinsurer to ARDI. Claims against ARDI, such as environmental or cleanup costs, could be made well into the future. *See A.Y. McDonald Ind., Inc. v. Insurance Company of N. Am.*, 475 N.W.2d 607, 613 (Iowa 1991). The Iowa commissioner is apt to require ARDI to maintain the fund indefinitely.

Because it does not appear that Victoria has or can provide the reinsurance protection promised, the condition precedent was not waived. The trial court was correct in entering summary judgment.

AFFIRMED.